IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| H-D U.S.A., LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 21 CV 0496 |
| | ) | |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | ) ) ) ) ) | Judge John J. Tharp, Jr. |
| | ) | |
| Defendant. | ) ) | |

## ORDER

For the reasons set forth in the Statement below, the plaintiff's motion to dismiss defendants' "First Counter Claim" [70] is granted. The plaintiff's motion to strike affirmative defenses [70] is granted in part. The statute of limitations, laches, estoppel, and implied license affirmative defenses are stricken from Defendants Hongyishangmao60 and Olodo's answer [55]. The parties are directed to file a joint proposed discovery schedule (or individual proposals if no agreement can be reached) on or before March 25, 2022.

## STATEMENT

Plaintiff H-D U.S.A., LLC is the owner of sixty-six United States registered trademarks for which it uses to market and sell Harley-Davidson motorcycles and related goods. It brought suit against the defendants—a group identified by the aliases associated with various e-commerce stores—alleging trademark infringement and counterfeiting, 15 U.S.C. § 1114, and false designation of origin, 15 U.S.C. § 1125(a). Two of those defendants, Hongyishangmao60 and Olodo, have responded with a counterclaim and several affirmative defenses. H-D now moves to dismiss the counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) and to strike some of the affirmative defenses pursuant to Rule 12(f).

To survive a motion to dismiss for failure to state a claim upon which relief can be granted, a counterclaim must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663. A claim that offers mere labels, conclusions, or naked assertions devoid of factual enhancement will not do. *Id.* at 678. This is especially so for counterclaims asserting fraud or mistake, for then a counterclaim must also "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

The counterclaim here is nothing more than a list of legal conclusions. The defendants claim that H-D's trademarks were "fraudulently obtained" and "abandoned" and that H-D used its trademarks to "misrepresent the source of the goods or services." Answer ¶¶ 86–88. No factual content is alleged whatsoever. The defendants' "First Counter Claim" is therefore dismissed.

Turning to the affirmative defenses in question, the rules allow courts to strike "insufficient defense[s]" and "redundant, immaterial, impertinent or scandalous matter" within pleadings. Fed. R. Civ. P. 12(f). Like insufficient counterclaims, affirmative defenses which "fail[] totally to allege the necessary elements" of the defense and are "nothing but bare bones conclusory allegations" are subject to strike. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1295 (7th Cir. 1989).

Such description is apt for the defendants' statute of limitations, laches, estoppel, and implied license affirmative defenses. Not one fact may be found within the defendants' answer to substantiate these defenses. *See* Answer ¶¶ 50–55. They are therefore stricken. The defendants' non-counterfeit and lack-of-willfulness defenses are different. Although the defendants' list them underneath an "Affirmative Defenses" heading, they are in actuality an attack on H-D's *prima facie* claims, *see id.* ¶¶ 56–60; hence, they are not affirmative defenses. *See Fort Howard Paper Co. v. Standard Havens, Inc.*, 901 F.2d 1373, 1377 (7th Cir. 1990) (affirmative defenses do not controvert proof of the claim to which they are addressed). For this reason, H-D's motion to strike these two defenses is denied.

Date: March 14, 2022

John J. Tharp, Jr.
United States District Judge